UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOSE P., | : |
|     Plaintiff, | : |
| | : |
| v. | :    C.A. No. 17-CV-381-PAS |
| | : |
| KILOLO KIJAKAZI, | : |
| Acting Commissioner of Social | |
| Security Administration, | : |
|     Defendant. | : |

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United Magistrate Judge.

Now pending before the Court is the motion of the attorneys representing Plaintiff Jose P. (the "Attorneys") for a fee for work performed before the Court pursuant to 42 U.S.C. § 406(b).[1] ECF No. 20. The Attorneys seek a substantial premium in light of the contingent nature of their fee arrangement with Plaintiff. The Commissioner opposes the motion as untimely; alternatively, if the Court deems the motion timely, the Commissioner asks the Court to reject the requested fee because it is unreasonably disproportional to the time (18.4 hours) invested before the Court.[2] For the reasons that follow, the motion is denied as untimely.

---

[1] Section 406(b) is entitled, "Fees for representation before court." It provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

[2] As the Attorneys acknowledge, on an hourly basis, the requested fee yields a substantial premium rate of $1,199.35 per hour. ECF No. 20, at 3. While not pertinent to the Court's determination of timeliness, the Court observes that

## BACKGROUND

In 2017, the Attorneys entered into a Fee Agreement[3] with Plaintiff; prepared the complaint; filed this case; drafted a motion to reverse the adverse decision of the Commissioner; and, in 2018, prepared for and successfully argued the motion to remand before the Court. Judgment entered in favor of Plaintiff remanding the case for further proceedings before the Social Security Administration ("SSA") on May 8, 2018.  ECF No. 15.  On June 11, 2018, the Court approved the parties' agreed-upon fee award of $3,618.15 for work before the Court pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), which was promptly paid.[4]  Text Order of June 11, 2018; ECF No. 20 at 3.  After further administrative proceedings, the Commissioner found that Plaintiff was disabled and entitled to benefits; the Notice of Award ("NOA") is dated June 16, 2019.  ECF No. 20-2.  Consistent with § 406(b), twenty-five percent of Plaintiff's retroactive benefits (a total of $29,159.13) was withheld from the retroactive portion of his award to cover additional attorneys' fees should any be approved.  The NOA advised Plaintiff (and the Attorneys) that this had been done and why: "[w]e withheld $29,159.13 from your past due benefits in case we need to pay your representative."  ECF No.

---

there is nothing *per se* wrong with such a fee.  See Crawford v. Astrue, 586 F.3d 1142, 1152 (9th Cir. 2009) (contingent-fee approach to § 406(b) is reasonable).

[3] Pursuant to the Fee Agreement between Plaintiff and the Attorneys, the Attorneys earn nothing if they are unsuccessful; but, if successful, are entitled to apply for agency and court-approval of fees in an amount so as to "maximize the fee."  ECF No. 20-3.  The Agreement further provides that, if the Court approves the payment of § 406(b) attorney's fees out of Plaintiff's retroactive benefits, the Attorneys must refund to Plaintiff the smaller of either the EAJA fee or the § 406(b) fee. Id.

[4] Whenever the government's denial of benefits is not "substantially justified," the plaintiff's attorneys may request EAJA fees.  The EAJA fees are paid by the government.  The Attorneys acknowledge that the EAJA fee for the work before the Court was promptly paid soon after the award was approved.  ECF No. 20 at 3.  Importantly, as part of the application for EAJA fees, the Attorneys were required to (and did) assemble their time records reflecting the work before the Court – that means that the assembly of the time records to support the § 406(b) application was already done well before the SSA determined that Plaintiff was entitled to disability benefits, which triggered the right of the Attorneys to ask for more fees for the same work.

22-1 at 4.  As the court observed in Rodriguez v. Saul, C.A. No. 18-1618 (CVR), 2021 WL 2232096 (D.P.R. June 1, 2021), the NOA contains "all the necessary information that counsel needs to file his petition for attorney's fees." Id. at *2.

Following the NOA, the Attorneys promptly petitioned for fees for their work before the SSA pursuant to 42 U.S.C. § 406(a) and, by November 19, 2019, the ALJ had approved an award of $7,091.03.  ECF No. 20-4 at 3-4.  This left $22,068.10 (the "Fund") remaining withheld from Plaintiff's retroactive benefit award for any additional fees that might be approved by the Court for work before the Court pursuant to § 406(b).  ECF No. 22-2 at 3.  As of this point – November 19, 2019 – the Attorneys not only had already assembled their time records and had all of the information that they needed to file their § 406(b) fee petition but also knew what portion of the Fund would be tapped to pay them for their work before the SSA.  That is, as of November 19, 2019, viewed from the perspective of the procedural posture of the administrative and court proceedings in this case, there was no conceivable reason for any further delay in filing the § 406(b) petition for work before the Court.

Nevertheless, over six months passed, with no fee petition.  On May 24, 2020, the SSA wrote to Plaintiff, with a copy to the Attorneys, advising him that the Fund was still being withheld and that the delay was to allow the Attorneys to file a fee petition and for the Court to approve some or all of the requested fee.  ECF No. 22-2.  After the May 24, 2020, letter, the Attorneys still did nothing, nor did Plaintiff object to the withholding of the Fund.  Five more months passed with no fee petition.

On October 26, 2020, the SSA sent the first of three substantially similar letters to the Attorneys.  ECF No. 22-3.  This letter states that the SSA "do[es] not wish to delay the release of funds withheld" from the past-due benefits to which Plaintiff, a disabled individual, is entitled.

3

Id.  It notes that SSA had previously asked the Attorneys to "let us know whether you have petitioned or will petition for a fee but we have not received a response" and warns that the Fund will be released to Plaintiff unless, within twenty days (that is, by November 15, 2020), the Attorneys either file their petition or a request for an extension to do so.  Id.  The Attorneys apparently asked for a very short extension to an unspecified date still in November 2020.[5]  Nevertheless, the Attorneys did not file a fee petition in or after November 2020 – instead, six more months passed with no fee petition nor did the SSA make good on its threat to pay the Fund to Plaintiff.  The Fund just sat.  On April 25, 2021, the SSA again sent substantially the same letter to the Attorneys.  ECF No 22-4.  Like the first iteration of the letter, the SSA advised, "We will certify for payment to the claimant all withheld benefits unless you file a petition for approval of a fee within 20 days from the date of this letter."  Id.  This time, the letter required that the fee petition be filed by May 15, 2021.  Yet still no fee petition was filed, nor was the Fund turned over to Plaintiff.  Almost four more months passed; for the third time, on August 11, 2021, the SSA sent the same letter to the Attorneys emphasizing that their delay was preventing Plaintiff from accessing the withheld portion of his retroactive benefits and setting yet another twenty-day deadline for the filing of a fee petition. ECF No. 22-5.  The new deadline was August 31, 2021.

At last, the Attorneys acted.  Two days after the August 11, 2021, letter, on August 13, 2021, the Attorneys finally moved for an award of the full amount of the Fund ($22,068.10).  This motion comes more than two years after the date of the NOA (June 16, 2019).  It comes

---

[5] Neither party has presented a copy of a written request for an extension.  The only suggestion that such an extension was requested appears in the SSA's August 11, 2021 letter, which references such an extension request.  According to that letter, the unwritten extension request asked for leave to file the fee petition in November 2020, a request that is somewhat puzzling (to the Court) because November 2020 is when the fee petition was already "due" according to the SSA letter of October 26, 2020.  See ECF No. 22-5.  For purposes of this motion for fees, the Court ignores the confusion and assumes that there was such an extension request and that it was granted.

almost twenty-one months after the Fund was reduced to $22,068.10 by the granting of the Attorney's § 406(a) petition (November 19, 2019).

The Attorneys vaguely attribute this lengthy delay to "clerical and logistical difficulties (including moving office and the [COVID-19] pandemic)." ECF No. 23 at 2. Alternatively, the Attorneys contend that the Commissioner should be precluded from arguing that the petition was unreasonably delayed because the SSA continued to withhold the Fund despite repeated threats (in the three letters) to return the Fund to Plaintiff. The Attorneys ask the Court to approve an award for the full amount of the Fund ($22,068.10), which would pay them at the premium rate of $1,199.35 per hour, six times the EAJA hourly rate. They argue that this is reasonable based on the success of the work, counsel's experience in this area of the law and the risk of undertaking such work on a contingent basis.

## LAW AND ANALYSIS

Under § 406(b), a prevailing claimant's attorney may be awarded "a reasonable" fee for representation of the claimant in court payable out of the benefits recovered; such fees may not exceed twenty-five percent of past-due benefits. Gisbrecht v. Barnhart, 535 U.S. 789, 792, 795-96 (2002). For work before the court,[6] Congress harmonized the fees payable by the government under EAJA with fees payable under § 406(b) out of the claimant's past-due disability benefits in this manner: "Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee. . . . Thus, an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100

---

[6] Work before the SSA is paid pursuant to 42 U.S.C. § 406(a), while work before the Court is paid pursuant to § 406(b).

percent of the past-due benefits." Id. at 796; see Rodriguez, 2021 WL 2232096, at *2 (internal brackets omitted). Section 406(b) requires that the court must review whether the fee sought is reasonable. Gisbrecht, 535 U.S. at 807-08. For example, if the attorney is responsible for delay, or if the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment may be in order. See id. "The tenor of § 406(b) is permissive rather than mandatory"; that is, the court may make such an award, not that such an award shall be made. Whitehead v. Richardson, 446 F.2d 126, 128 (6th Cir. 1971).

Section 406(b) does not contain a time limitation for filing fee applications. Garland v. Astrue, 492 F. Supp. 2d 216, 219 (E.D.N.Y. 2007). Nor does this District (unlike the District of Maine,[7] but similar to the District of Puerto Rico) have a specific Local Rule setting an applicable deadline. See Rodriguez, 2021 WL 2232096, at *3. In some circuits, but not the First Circuit, courts have looked for guidance at the deadline (fourteen days) for filing a fee petition in Fed. R. Civ. Pro. 54(d)(2)(B).[8] See Sinkler v. Berryhill, 932 F.3d 83, 87 (2d Cir. 2019); Walker v. Astrue, 593 F.3d 274, 280 (3d Cir. 2010); Pierce v. Barnhart, 440 F. 3d 657, 663 (5th Cir. 2006); Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273, 1277 (11th Cir. 2006). However, as the court observed in Rodriguez, 2021 WL 2232096, this Rule is not a good fit because it is the SSA's NOA, and not the court's "judgment," that is the triggering event for a § 406(b) fee petition. Id. at *2; see McGraw v. Barnhart, 450 F.3d 493, 504 (10th Cir. 2006) (Fed. R. Civ. P. 54 is not practical for § 406(b) deadline – "SSA fee award will only rarely be calculable before the end of that fourteen-day period"). In McGraw, the court suggested that a better analogy is

---

[7] Maine requires that a § 406(b) fee petition must be filed within thirty days of the NOA. D. Me. LR Cv 54.2.

[8] This Rule is incorporated into the Local Rules of this Court in DRI LR Cv 54.1, which requires that the fee petition be filed within fourteen days after the entry of judgment.

Fed. R. Civ. Pro 60(b), which allows the litigant a "reasonable time" to act, but in no event more than one year after the triggering event. See id.

Consistent with the holding of the District of Puerto Rico in Rodriguez, 2021 WL 2232096, the Court finds that a § 406(b) fee petition must be filed "within a reasonable time of the Commissioner's decision awarding benefits," that is, the date of the NOA. Id. at *3; see McGraw, 450 F.3d at 505 ("motion for an award of fees under § 406(b)(1) should be filed within a reasonable time of the Commissioner's decision awarding benefits"); Smith v. Bowen, 815 F.2d 1152, 1156 (7th Cir. 1987) ("petition for fees under § 406(b)(1) must be brought within a reasonable time"). As to what amounts to a reasonable delay, courts should look to the "particular circumstances of each case," including any explanation for the delay. Rodriguez, 2021 WL 2232096, at *4. For example, a § 406(b) application filed five months[9] after the NOA with no "reasonable explanation to justify waiting such an inordinate amount of time" was denied as untimely in Rodriguez, 2021 WL 2232096, at *3, and a § 406(b) application filed nine months after the NOA without any explanation "justifying this lengthy delay" was denied as untimely in Garland, 492 F. Supp. 2d at 217, while in Ortiz-Ocasio v. Comm'r of Soc. Sec., Civil Action No. 19-1337-MGM, 2021 WL 3214368, at *1-2 (D.P.R. July 29, 2021), the court held that a delay of eight months from the NOA was not unreasonable because replacement counsel had not actually received the NOA during most of the period of delay.

In considering what is a reasonable delay, courts must focus on the important reality that it is the claimant whose interests are at stake: "[s]ince Section 406(b) attorney fees are withheld

---

[9] One factor in Rodriguez which made that delay even more egregious – the case had been remanded by the court for an award of benefits – is not present here. That is, in Rodriguez, the attorneys knew that there would be a § 406(b) award from the time of the court's entry of judgment. Rodriguez, 2021 WL 2232096, at *4. Here, the remand was for further proceedings so the Attorneys did not know of their entitlement to ask for § 406(b) fees until the NOA issued on June 16, 2019.

from a claimant's award of benefits, <u>fairness and finality favor quick disposition</u> of any motion for fees so that the claimant can obtain the balance (if any) of his award." Ortiz-Ocasio, 2021 WL 3214368, at *1 (emphasis supplied).  Mindful of this reality, our sister court in Puerto Rico firmly rejected as "misplaced and self-serving" the argument that a protracted delay was justified because the attorneys had not yet received the SSA's "reminder [letter] that those moneys are waiting to be distributed and urging counsel to submit the fee petition if so desired or otherwise inform the agency." Rodriguez, 2021 WL 2232096, at *2.  With the interest of the claimant front and center, the SSA's seeming acquiescence to the delay should not be dispositive.  See Garland, 492 F. Supp. 2d at 222 ("Commissioner's failure to object to the award as untimely does not bind the court to rule accordingly.").  Similarly, the failure of Plaintiff, a disabled person, to object to the ongoing delay should not persuade the Court to overlook counsel's failure to file his 406(b) application in a reasonable period of time.  See id.

With this backdrop, the Court is not moved by the Attorneys' explanation for a delay that materially exceeds every metric of what conceivably is "reasonable," including the Fed. R. Civ. P. 60(b) one-year outside limit.  The Attorneys' reliance on "the COVID-19 pandemic" is particularly hollow – the NOA is dated almost a year before (and the § 406(a) fees were resolved almost four months before) the pandemic began in March 2020.  The Attorneys' other explanation – "clerical and logistical difficulties (including moving office . . .)" – might justify a delay of days, or even weeks, but it falls hopelessly short of justifying the inordinate delay in this case of twenty-six months from the NOA, and twenty-one months from the § 406(a) fee approval.[10]  The Court further finds that this delay is not made reasonable because of the SSA's

---

[10] The Court is compelled to observe that during this protracted period the Attorneys were actively filing new cases and making filings in their pending cases.

acquiescence to the delay by sending reminder letters with what turned out to be feckless threats to turn the Fund over to Plaintiff unless the Attorneys acted. If the fees were to be paid out of government funds, the Court might find appealing the Attorneys' argument that the SSA's letters should estop it from now arguing that a delay arguably suborned by its inaction is unreasonable. But that is not the case. Rather, the Fund belongs to Plaintiff, and the Court must focus on fairness to him and his interest in finality. Ortiz-Ocasio, 2021 WL 3214368, at *1-2.

To conclude, the Court declines to adopt a rigid rule of thumb, instead holding that how much delay in filing a § 406(b) fee petition is reasonable[11] should be determined flexibly, taking into consideration the various deadlines established by arguably analogous Rules, as well as any explanation counsel may proffer, but also guided by the claimant's paramount interest in "quick disposition of any motion for fees so that [he] can obtain the balance (if any) of his award." Ortiz-Ocasio, 2021 WL 3214368, at *1-2. In this case, the Court finds that the Attorneys have failed to present any justification for the unusually long delay of twenty-six months from the NOA and twenty-one months from the § 406(a) determination, which are well outside of every possible benchmark. Accordingly, the Court holds that the Attorneys "simply waited too long . . . and must therefore forfeit [their] entitlement to a fee." Garland, 492 F. Supp. 2d at 223. Based on this holding, the Court will not address the reasonableness of the amount of the fee requested.

## CONCLUSION

Based on the foregoing, the motion of the Attorneys for a fee award for work performed before the Court pursuant to 42 U.S.C. § 406(b) is denied as untimely. ECF No. 20.

---

[11] For example, by analogy to the Maine Local Rule, if the § 406(a) fee application is made promptly (that is, within thirty days of the NOA), a delay of thirty more days after it is resolved should not be seen as unreasonable. The Court further observes that, if Social Security practitioners prefer the greater certainty of a safe-harbor deadline, they can propose a new Local Rule that sets a specific deadline during the annual period for attorney-initiated suggestions for Local Rules amendments as described on the Court's website.


/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
September __, 2021